UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONESIMO MARIN HARO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT W. FOX,<br><br>　　　　　Respondent. | No. 2: 18-cv-1859 KJN P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court…" Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated herein, the petition is dismissed with leave to amend.

Petitioner challenges decisions by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole in 2016 and 2018. Petitioner alleges that the BPH wrongly found that he posed a danger to public safety if granted parole. Petitioner also alleges that the BPH wrongly found that he lacked adequate insight into the causes of his offense. Petitioner alleges that the BPH decisions violated his right to due process.

////

1

There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. U.S. 1, 7 (1979). However, California law creates a state liberty interest in parole that is protected by the Due Process Clause. See Swarthout v. Cooke, 562 U.S. 216, 219–20 (2011) (per curiam). With respect to the procedures required to satisfy due process in the context of parole eligibility decisions, the Supreme Court has stated:

> When ... a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. "The Constitution," we held, "does not require more."

Cooke, 562 U.S. at 220 (quoting Greenholtz, 442 U.S. at 16). "Because the only federal right at issue is procedural, the relevant inquiry is what process [the prisoner] received ...." Id. at 222.

Therefore, petitioner's claims that the BPH wrongly found that he posed a danger to public safety if released and lacked insight into the causes of his offense do not state cognizable claims. See Cooke, 562 U.S. at 220–21 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.").

Pursuant to Cooke, in the context of parole, due process requires that the prisoner be allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. If petitioner wishes to make a claim for violation of procedural due process, petitioner is granted thirty days to file an amended petition. To proceed on any such procedural due process claim, petitioner shall include, with the amended petition, a full transcript from the 2016 and 2018 BPH hearings.

////
////
////
////
////

In accordance with the above, IT IS HEREBY ORDERED that the petition is dismissed with thirty days to file an amended petition; failure to file an amended petition within that time will result in a recommendation of dismissal of this action.

Dated: August 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Haro1959.ord