UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ONESIMO MARIN HARO,

No.  2: 18-cv-1859 KJN P

Petitioner,

v.

ORDER AND FINDINGS &
RECOMMENDATIONS

ROBERT W. FOX,

Respondent.

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Pending before the court is the first amended petition. (ECF No. 6.)  For the reasons stated herein, the undersigned recommends that this action be dismissed.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

1

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

It appears that the claims raised in the petition are not exhausted. However, without further briefing, the undersigned cannot definitively find the claims not exhausted. A habeas corpus petition may be denied on the merits notwithstanding the failure of the applicant to exhaust state court remedies. 28 U.S.C. § 2254(b)(2). Because the claims are without merit, the undersigned need not reach the issue of exhaustion.

Petitioner raises two claims challenging the June 8, 2016 decision by the Board of Parole Hearings ("BPH") finding him unsuitable for parole. In claim one, petitioner argues that he was denied his right to be heard at the hearing. Petitioner alleges that he, petitioner, speaks only Spanish. Petitioner argues that he could not effectively communicate with the attorney who represented him at the June 8, 2016 hearing because his attorney did not speak Spanish. Petitioner also claims that none of the BPH members attending the hearing spoke Spanish. Petitioner states that while an interpreter attended the hearing, reliance on an interpreter created the possibility of a mix-up between what the interpreter told petitioner and what a BPH member stated, interfering with his right to be heard.

In claim two, petitioner alleges that his inability to examine the evidence presented at the hearing in advance of the hearing violated his right to due process. In support of this claim, petitioner argues that while he met with his attorney prior to the hearing, his attorney did not possess the language skills to communicate effectively with him. Petitioner suggests that he did not understand what his attorney told him at their meeting held prior to the hearing.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Greenholtz"). In some instances, however, state statutes may create liberty interests in parole release entitled to protection under the federal Due Process Clause. See Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Greenholtz, 442 U.S. at 12. The Ninth Circuit has held that California's statutory provisions governing parole create

2

1  such a liberty interest.  See Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011); Hayward v.

2  Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout

3  v. Cooke, 562 U.S. 216 (2011).

4      "In the context of parole, ... the procedures required are minimal."  Swarthout v. Cooke,

5  562 U.S. at 220.  Due Process requires that the state furnish a parole applicant with an

6  opportunity to be heard and a statement of reasons for a denial of parole.  Greenholtz, 442 U.S. at

7  16; see also Swarthout v. Cooke, 562 U.S. at 220.  "The Constitution does not require more."

8  Greenholtz, 442 U.S. at 16; accord Swarthout v. Cooke, 562 U.S. at 220 (citation omitted); see

9  also Roberts v. Hartley, 640 F.3d at 1046 ("there is no substantive due process right created by

10  the California parole scheme").  In the parole context, then, "[d]ue process is satisfied as long as

11  the state provides an inmate seeking parole with 'an opportunity to be heard and ... a statement of

12  the reasons why parole was denied.'"  Roberts v. Hartley, 640 F.3d at 1046 (quoting Swarthout v.

13  Cooke, 562 U.S. at 220).

14      In claim one, petitioner argues that having an interpreter did not satisfy his right to be

15  heard at his parole suitability hearing.  Petitioner argues that he should have been provided with a

16  Spanish speaking attorney to represent him at the hearing, and that the BPH members attending

17  the hearing should have spoken Spanish.

18      The undersigned has reviewed the transcript from the June 8, 2016 suitability hearing

19  attached to the amended petition.  (ECF No. 1 at 11-254.)  The transcript reflects that petitioner

20  communicated with the BPH members, through the interpreter, throughout the hearing.  Petitioner

21  made a lengthy statement at the hearing regarding his responsibility for his crime.  (Id. at 130-31.)

22      The transcript from the suitability hearing reflects that petitioner, through the interpreter,

23  had an opportunity to be heard.  The failure to provide petitioner with a Spanish speaking attorney

24  and the failure of the BPH members to speak Spanish did not violate petitioner's right to be

25  heard.  Petitioner has failed to establish that he was unable to participate in the 2016 parole

26  suitability hearing because of his inability to speak or understand English.  Petitioner has pointed

27  to nothing in the record which would indicate or suggest that he did not understand the

28  translation, that the interpreter did not translate any part of the hearing, or that any part of the

3

1  translation was incorrect. For these reasons, the undersigned finds that petitioner's claim that he

2  was denied his right to be heard at his suitability hearing is without merit.

3       As discussed above, in claim two, petitioner alleges that his inability to examine the

4  evidence presented at the suitability hearing in advance of the hearing violated his right to due

5  process. Petitioner also argues that while he met with his attorney prior to the hearing, his

6  attorney did not possess the language skills to communicate effectively with him.

7       In the context of parole, petitioner does not have a constitutional right to examine the

8  evidence presented at the suitability hearing in advance of the hearing. Rather, in the parole

9  context, due process is satisfied as long as the state provides the inmate with an opportunity to be

10  heard and a statement of the reasons why parole was denied. See Swarthout v. Cooke, 562 U.S.

11  at 220). Accordingly, petitioner's claim that he was denied his right to examine the evidence

12  presented at the hearing prior to the hearing is without merit.

13       Petitioner may also be arguing that the counsel who represented him at the suitability

14  hearing was ineffective because he (counsel) did not speak Spanish. However, there is no

15  constitutional right to counsel at parole consideration hearings. See Dorado v. Kerr, 454 F.2d

16  892, 896–97 (9th Cir.), cert. denied, 409 U.S. 934 (1972); see also Pennsylvania v. Finley, 481

17  U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no

18  further."); Villagrana v. Diaz, 2012 WL 4210308, at *4 (E.D. Cal. Sept. 19, 2012) ("there is no

19  clearly established right to counsel at parole suitability hearings"), certificate of appealability

20  denied, No. 12–17220 (9th Cir. Oct. 28, 2016). Because petitioner had no federal constitutional

21  right to counsel at his parole hearing, he can claim no Sixth Amendment right to effective

22  assistance of counsel at the hearing. See Coleman v. Thompson, 501 U.S. 722, 752 (1991)

23  (petitioner cannot claim constitutionally ineffective assistance of counsel where there is no

24  underlying constitutional right to counsel); but see Lopez v. Warden, 388 Fed. Appx. 711, 712 n.1

25  (9th Cir. 2010) (certifying for appeal petitioner's claim that he received ineffective assistance of

26  counsel at parole hearing, but rejecting claim because record did not indicate that counsel's

27  performance was deficient and petitioner could not establish prejudice).

28  ////

4

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a

2  district judge to this action; and

3        IT IS HEREBY RECOMMENDED that this action be dismissed.

4        These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, petitioner may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

9  he shall also address whether a certificate of appealability should issue and, if so, why and as to

10 which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

11 applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

12 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

13 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

14 1991).

15 Dated:  October 4, 2018

16

17 _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE
18

19 Haro1859.dis

20

21

22

23

24

25

26

27

28

5